IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | |
| v. ) | C O M P L A I N T |
| ) | |
| PITTSBURGH PLASTICS MFG., INC., ) | JURY TRIAL DEMAND |
| ) | |
| Defendant. ) ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and retaliation to provide appropriate relief to Charging Party Veronica Jalpa and a class of similarly situated individuals who were adversely affected by such practices. The Class Members include Tonya Claypool, Jessica Adams and Martina Burk (referred to collectively as "Class Members"). As alleged with greater particularity in paragraphs 7(a) to (k) below, the Commission alleges that although Ms. Jalpa and other employees complained to management about the hostile work environment, Defendant not only failed to take prompt or effective actions upon notice of the harassment, but it attempted to suppress information about the illegal conduct.  In addition, the Commission alleges that Defendant retaliated against Ms. Jalpa after she complained when it discharged her for pretextual reasons. As a result of the sexual harassment and

retaliation, Ms. Jalpa and the Class Members have suffered mental and emotional distress, and have lost earnings.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, Pittsburgh Plastics Manufacturing, Inc. ("Defendant Employer"), has continuously been a Pennsylvania corporation doing business in the State of Pennsylvania and the City of Butler, and has continuously had at least 15 employees.

2

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Ms. Jalpa filed a charge with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March, 2007, Defendant Employer engaged in unlawful employment practices at its Butler, Pennsylvania location, in violation of 703(a)(1) and 704(a) of Title VII, 42 U.S.C.§ 2000e-2(a)(1) and § 2000e-3(a). These unlawful practices include, but are not limited to, the following:

   a. Defendant Employer operates a business which manufactures customized, soft cushioning products for the medical, safety and foot care markets.

   b. Commencing on or about March 1, 2007, and continuing through December 30, 2008, Defendant tolerated and condoned a work environment at its workplace that was hostile to Ms. Jalpa and the Class Members because of their sex.

   c. The sexually hostile work environment was created by the words and actions of supervisor Eric Velasquez. Ms. Jalpa and the Class Members were subjected to a hostile work environment which consisted of comments that were demeaning, sexually offensive, rude, and derogatory, based on their gender. Mr. Velasquez also engaged in gross and obscene conduct, including but not limited to intentionally

3

rubbing his crotch against female employees while they were working, slapping them on the buttocks, hugging, and standing too close.

     d.     Ms. Jalpa and the Class Members objected to Velasquez's language and actions; they informed him that the conduct was offensive and unwelcome. They complained to co-workers, supervisors and managers about the illegal conduct.

     e.     Ms. Jalpa and at least one Class Member complained about the harassment to the staffing agency which had placed them at Defendant's work site.

     f.     Female employees professed that they were afraid to complain because other women who had complained had been fired by Velasquez.

     g.     Witnesses were threatened with retaliation if they participated in investigations into Velasquez's inappropriate conduct.

     h.     Defendant Employer's supervisors and managers had notice of the hostile work environment and had received complaints about Velasquez, but failed to take timely or appropriate action in response thereto.

     i.     Shortly after Ms. Jalpa complained about Velasquez and requested that she be transferred to a different shift to avoid working with him, in February, 2008 she was subjected to a retaliatory discharge for pretextual reasons. Other Class Members allege that they constructively discharged themselves because of the unendurable work environment.

     j.     Defendant continued to permit Velasquez to work as a supervisor until December, 2008. At that time, shortly after receipt of Jalpa's EEOC Charge, it simply demoted him to a machine operator.

4

k.  Ms. Jalpa and each Class Member were negatively impacted by the hostile work environment.

8.  The effect of the practices complained of in paragraph 7 (a) through (k) above has been to deprive employees of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

9.  The unlawful employment practices complained of in paragraph 7 (a) through (k) above were intentional.

10.  The unlawful employment practices complained of in paragraph 7 (a) through (k) above were done with malice or with reckless indifference to the federally protected rights of Ms. Jalpa and the Class Members.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in the creation of a sexually hostile environment.

B.  Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from engaging in retaliation against any individual who opposed any practice made an unlawful employment practice by this subchapter, or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing regarding any matter prohibited by Title VII.

5

C. Order Defendant Employer to make whole Ms. Jalpa and Class Members, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Ms. Jalpa and other Class Members.

D. Order Defendant Employer to make whole Ms. Jalpa and Class Members by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 (a) through (k) above, including relocation expenses, job search expenses, medical expenses and other expenses incurred by Ms. Jalpa and Class Members, which were reasonably incurred as a result of Defendant's conduct, in amounts to be determined at trial.

E. Order Defendant Employer to make whole Ms. Jalpa and/or Class Members, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 7 (a) through (k) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F. Order Defendant Employer to pay Ms. Jalpa and Class Members punitive damages for its malicious and reckless conduct described in paragraph 7 (a) through (k) above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

      For:   EQUAL EMPLOYMENT OPPORTUNITY COMMISION

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

*/s/*
DEBRA M. LAWRENCE
ACTING REGIONAL ATTORNEY

*/s/ Judith O'Boyle by mmt*
JUDITH A. O'BOYLE
SUPERVISORY TRIAL ATTORNEY

*/s/*
M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
PA. I.D. NO. 42738
Pittsburgh Area Office, Suite 1112
1000 Liberty Avenue
Pittsburgh, PA 15222
(412) ~~935-5843~~ 395-5843 *nyc*
(412) ~~935-5749~~ (facsimile)
395-5749 *nyc*

7