## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY          )
COMMISSION,                           )
                                      )
                 Plaintiff,           )       Civil Action No. 09-1148
                                      )
        v.                            )       Judge Amy Reynolds Hay
                                      )
PITTSBURGH PLASTICS MFG., INC.,       )
                                      )
                 Defendant.           )
_____)

## CONSENT DECREE

### THE LITIGATION

1.     Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") filed this action alleging that Defendant Pittsburgh Plastics Mfg., Inc., ("PPM" or "Defendant") violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, by subjecting Charging Party Veronica Jalpa ("Charging Party") and a class of female employees to sexual harassment and to retaliatory or constructive discharge.

2.     PPM denies that it has violated any federal, state or local discrimination or employment laws and has agreed to enter into this Consent Degree ("Decree") to avoid protracted litigation. This Decree fully and finally resolves any and all issues and claims arising out of the Complaint filed by the EEOC.

### FINDINGS

3.     Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the

1

following:

     a.    This Court has jurisdiction of the subject matter of this action and of the parties.

     b.    The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the EEOC, PPM, Charging Party, the claimants and the public interest are adequately protected by this Decree.

     c.    This Decree conforms with the Federal Rules of Civil Procedure and Title VII, and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of Title VII and will be in the best interests of the parties, the class members, and the public.

**NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:**

## DEFINITIONS

     A.    As used in this Consent Decree, the term "temporary worker" shall mean any person who is not considered by Defendant to be a regular employee of Defendant but who performs work at its facility in Butler, Pennsylvania.

     B.    As used in this Consent Decree, the terms "employment agency" or "employment agencies" shall mean any person or entity undertaking with or without compensation to procure temporary workers for Defendant, or to procure for temporary workers opportunities to work for Defendant, including the subcontractors or agents of such a person or entity.

     C.    As used in subsequent paragraphs of this Consent Decree, the term "complaint" shall mean any allegation or report made by any person, whether substantiated by evidence or not, whether made in conformity with Defendant's

2

established procedures or not (so long as knowledge of the complaint may be imputed to Defendant), made by any means of communication, regarding potential harassment or discrimination committed against any PPM regular employee or temporary worker, whether the PPM regular employee or temporary worker is the complainant or not.

## INJUNCTION

4. PPM, its officers, agents, employees, successors, assigns and all persons acting in concert with it are permanently enjoined from:   (a) engaging in any employment practice that discriminates on the basis of sex; (b) engaging in or being a party to any action, policy or practice that is intended to or is known to them to have the effect of sexually harassing any female employee, including contract workers or employees; and (c) creating, facilitating or tolerating the existence of a work environment that is hostile to female employees because of their sex.

5. PPM, its officers, agents, employees, successors, assigns and all persons acting in concert with it are permanently enjoined from engaging in any form of retaliation against any person because such person has opposed any practice made unlawful under Title VII, filed a Charge of Discrimination under Title VII, testified or participated in any manner in any investigation, proceeding, or hearing under Title VII, or asserted any rights under this Decree.

6. Defendant shall conduct a reasonably prompt and thorough investigation of each complaint or report (whether formal or informal, verbal or written) of sexual or retaliatory harassment or other discrimination made during the term of this Decree by a regular employee or a temporary worker (whether made directly to Defendant or communicated to Defendant by an employment agency).

3

## **MONETARY RELIEF**

7.    Defendant shall pay monetary relief to Charging Party Veronica Jalpa in the amount of $30,000.00. Of this amount, $8,000.00 shall constitute back pay and $22,000.00 shall constitute compensatory damages. This monetary relief (less any applicable federal, state or local payroll tax regarding the amount constituting back pay) shall be paid in one (1) check made payable to Veronica Jalpa not later than ten (10) days after entry of this Decree by the Court. Defendant shall mail the aforementioned check to Ms. Jalpa by certified mail at an address to be provided by the EEOC. Within three (3) days of such payment, Defendant shall send a photocopy of the check payable to Veronica Jalpa, along with a photocopy of the Certified Mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

8.    Defendant shall pay monetary relief to Claimant Tonya Claypool in the amount of $27,500.00. Of this amount, $9,000.00 shall constitute back pay and $18,500.00 shall constitute compensatory damages. This monetary relief (less any applicable federal, state or local payroll tax regarding the amount constituting back pay) shall be paid in one (1) check made payable to Tonya Claypool not later than ten (10) days after entry of this Decree by the Court. Defendant shall mail the aforementioned check to Ms. Claypool by certified mail at an address to be provided by the EEOC. Within three (3) days of such payment, Defendant shall send a photocopy of the check payable to Tonya Claypool, along with a photocopy of the Certified Mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

9.    Defendant shall pay monetary relief to Claimant Martina Burk in the amount of $11,000.00 which shall constitute compensatory damages. This monetary

4

relief shall be paid in one (1) check made payable to Martina Burk not later than ten (10) days after entry of this Decree by the Court. Defendant shall mail the aforementioned check to Ms. Burk by certified mail at an address to be provided by the EEOC. Within three (3) days of such payment, Defendant shall send a photocopy of the check payable to Martina Burk, along with a photocopy of the Certified Mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

10.     Defendant shall pay monetary relief to Claimant Party Jessica Adams in the amount of $11,000.00 which shall constitute compensatory damages.      This monetary relief shall be paid in one (1) check made payable to Jessica Adams not later than ten (10) days after entry of this Decree by the Court. Defendant shall mail the aforementioned check to Ms. Adams by certified mail at an address to be provided by the EEOC. Within three (3) days of such payment, Defendant shall send a photocopy of the check payable to Jessica Adams, along with a photocopy of the Certified Mail receipt, to EEOC Senior Trial Attorney M. Jean Clickner at the EEOC's Pittsburgh Area Office.

11.     In the event that any of the above-referenced payments cannot be delivered to the aggrieved persons designated at the addresses provided, Defendant shall promptly contact EEOC Senior Trial Attorney M. Jean Clickner to obtain current addresses for such persons for the purpose of prompt Certified Mail delivery, or, if a current mailing address is not available, to otherwise make arrangements for prompt payment.    Defendant shall thereafter promptly report any efforts made to deliver payment and shall exercise due diligence to complete such delivery.

12.     After the conclusion of each calendar year in which payment is made to

5

any of the aforementioned aggrieved persons, Defendant shall promptly issue to all such persons an IRS Form W-2 for the monetary relief amount constituting back pay and an IRS Form 1099-Misc for the monetary relief amount constituting compensatory damages.

## POSTING OF NOTICE

13.    Within five (5) business days following entry of this Decree, PPM shall post copies of the Notice, attached hereto as Exhibit A, at its facility in Butler, Pennsylvania.  Defendant shall post this Notice on the bulletin boards usually used by Defendant for communicating with its employees.  Defendant shall also post a Spanish translation of the Notice alongside the English version of the Notice throughout the duration of the Decree.  The Notices shall remain posted for two (2) years from the date of entry of this Decree.  PPM shall take all reasonable steps to ensure that the postings are not altered, defaced or covered by any other material.  Defendant shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notices have been properly posted.  PPM shall permit a representative of the EEOC to enter its premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

## EEO POLICIES AND PROCEDURES

14.    In the event that PPM's current harassment and retaliation policy does not address the information outlined in the below paragraphs, PPM  will revise its current harassment and retaliation policy as follows:

a.    Policy Coverage.  Defendant will revise its policy to (i) clarify that temporary workers are protected by its EEO policies, as well as its regular employees;

6

(ii) clarify that its anti-harassment provisions apply to the conduct of (a) all employees, including temporary staff, supervisors, and managers; (b) third parties, including guests/customers and vendors; and (c) other individuals with whom regular employees and temporary workers come into contact in the scope of employment.

b.      Reporting.  Defendant will revise its policy to (i) require that all supervisors and managers have an obligation to report harassment or suspected harassment; (ii) advise temporary workers to complain through Defendant's procedures as well as through their respective employment agency's procedures; (iii) provide that regular employees and temporary workers should report situations which they "perceive to be harassment," and not limit reporting to situations which "interferes with any employee's work performance," as the current policy provides; and, (iv) permit regular employees and temporary workers to report a claim of harassment or retaliation directly to its President or to its Human Resources manager without waiting for five days.

c.      Duties of supervisors and managers. Defendant will revise its policy to (i) provide that supervisors and managers have a duty to actively monitor the work environment to ensure that it is free of harassment or retaliation; and, (ii) require supervisors and managers to report observations or complaints of harassment or retaliation to its president or to its Human Resources manager.

d.      Retaliation. Defendant will revise its policy to (i) ensure that the explanation of retaliation includes information that regular employee and temporary workers are protected against retaliation because he or she "participated in or cooperated with the investigation of a charge or complaint;" (ii) advise that prohibited retaliation may include conduct by supervisors, managers, co-workers, or other third

7

parties, including vendors; and, (iii) advise regular employees and temporary workers
to report retaliatory conduct in the same way that harassment is to be reported.

e. Discipline. Defendant will revise its policy to advise that supervisors
or managers who fail to report or address known or suspected harassment will be
subjected to disciplinary action, up to and including termination.

f. Defining harassment. Defendant will revise its policy so as to advise
employees that sex harassment may include conduct that is not overtly sexual in nature,
but is because of a person's sex or gender, sexual stereotypes, or based on pregnancy,
childbirth and related medical conditions.

## EEO POLICIES AND PROCEDURES TO PROTECT TEMPORARY WORKERS

15. Within thirty (30) days of entry of this Decree, or on the first day of work for
any workers assigned or hired thereafter, Defendant shall provide to all temporary
workers copies of its policies and procedures regarding unlawful harassment and
related complaint procedures. Defendant shall immediately make those policies and
procedures generally applicable to temporary workers and their assignments with
Defendant and shall immediately notify all Defendant personnel of that fact.

16. During the course of any investigation of potential or alleged sexual or
other unlawful harassment or discrimination, Defendant shall not draw any distinction
between temporary workers and regular employees of Defendant when deciding
whether or not to conduct interviews of such workers or employees. Defendant shall
interview temporary workers when and to the extent it would interview a regular
employee under the same circumstances.

17. Defendant shall ensure that any contract or agreement with any

8

employment agency to provide workers to Defendant shall require (a) that such employment agency shall promptly make temporary workers available for harassment/discrimination investigation interviews by Defendant upon request; (b) that such employment agency shall promptly report to Defendant any temporary worker complaints regarding alleged sexual, retaliatory or other unlawful harassment or discrimination if such complaints are related to Defendant's regular employee(s), operations or facility; and (c) that upon request, the employment agency will share relevant, non-privileged information and records related to any such complaint(s).

## DOCUMENTATION AND RECORD RETENTION PRACTICES

18.    Regarding each complaint or report (whether formal or informal, verbal or written) of sexual or retaliatory harassment or other discrimination made during the term of this Decree by a regular employee or a temporary worker (whether made directly to Defendant or communicated to Defendant by an employment agency), Defendant shall compile an investigative file which shall contain the following: the name, home address, home telephone number and cell phone number (as applicable), job title, and social security number of the complainant; the date of the report or complaint; the specific allegations of harassment or discrimination that were made; the name(s) and job titles, home addresses, home telephone numbers and cell phone numbers (as applicable), job titles and social security numbers of any alleged perpetrators and any potential witnesses; the complete substance of any statements made by each alleged perpetrator and each witness who was interviewed; a description of actions taken to investigate the report or complaint; and a description of Defendant's conclusions regarding the report or complaint and any corrective action in response to the report or complaint.  Defendant

9

shall also retain with the investigative file any other documents created or obtained in relation to a report or complaint, including but not limited to affidavits, witness statements, interview notes, summaries, and electronic communications. Defendant shall retain all of the aforementioned records for the duration of this Decree.

19. For the duration of this Decree, Defendant shall retain all personnel, payroll and other documents of any character related to any person complaining of or otherwise reporting sex or retaliatory harassment or other discrimination and all documents relating to any person who was accused of such conduct or known to be a relevant witness.

20. Defendant's obligation to maintain records, as set forth in Paragraphs 18 and 19 above, is not intended to nor does it limit or replace Defendant's obligation to retain records as set forth in EEOC regulations, such as 29 C.F.R. § 1602.14. Defendant shall comply with 29 C.F.R. § 1602.14.

21. Defendant shall make all documents that are the subject of Paragraphs 18 & 19, above, available for inspection and copying within ten (10) days of receiving a request from EEOC for such documents.

## REPORTING

22. Pittsburgh Plastics Mfg., Inc. shall furnish to the EEOC the following written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-four (24) months year after entry of the Decree. Each such report shall contain (a) a copy of the investigative file and any related documents that are the subject of Paragraphs 18 & 19, above; and (b) a certification by Pittsburgh Plastics Mfg.,

10

Inc. that the Notice and Policy required to be posted in Paragraph 13, above, remained posted during the entire six (6) month period preceding the report.

## EEO TRAINING

23.     Defendant shall provide to all supervisory and management personnel not less than one (1) hour of training regarding sexual and retaliatory harassment and discrimination made unlawful by Title VII, with particular focus on defining such conduct, company policies prohibiting such conduct (including but not limited to the fact that Defendant's policies and procedures regarding harassment and discrimination prohibited by Title VII and related complaints are applicable to temporary workers as well as regular employees), the penalties for engaging in such conduct, the duty to monitor the work environment to ensure such conduct is not occurring, the duty to report complaints or observations of such conduct to human resources and/or management officials, the penalties for not reporting such conduct, and other germane topics. This training shall be provided within sixty (60) days of entry of this Decree, and on the first day of work for all new hires in supervisory and management positions thereafter.

24.     Defendant shall provide all regular, non-supervisory employees and temporary workers with not less than one (1) hour of training regarding its policies prohibiting harassment and discrimination made unlawful by Title VII and any related complaint procedures. The training will state explicitly that Defendant's EEO policies and complaint procedures may be invoked by, and are intended to protect, temporary workers as well as regular employees. This training shall be provided within sixty (60) days of entry of this Decree. In addition, Defendant shall provide a copy of its harassment policy to all new regular and temporary workers on the first day of work and

11

shall have a management official describe the policy to the trainees.

25. At Defendant's option, it may video-record the first training session conducted in accordance with Paragraphs 23 & 24, above, and may then present the video for all successive trainings required by this Decree in lieu of presentation by a live speaker. However, if Defendant exercises this option, it shall assign a management official with reasonable knowledge of the subject matter of the training to be present, and monitor the video training, and to answer any questions from regular and temporary employees.

26. Pittsburgh Plastics Mfg., Inc. shall also provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written material(s) provided to the participants of the training session(s).

## EEO INVESTIGATION AND CORRECTIVE ACTION TRAINING

27. Defendant shall retain, at its own expense, a qualified third-party consultant to provide Defendant with not less than eight (8) hours of training regarding exercising reasonable care when (i) receiving complaints of harassment or discrimination made unlawful by Title VII, (ii) conducting investigations of harassment and discrimination, and (iii) formulating prompt and effective preventive and corrective action in response to harassment and discrimination. All Defendant personnel whose job duties include receiving complaints of harassment or discrimination, conducting harassment or discrimination investigations and/or making decisions regarding preventive and corrective action shall be required to complete such training. This training shall be provided within sixty (60) days of entry of this Decree, and within fourteen (14) days of the start of employment for all new hires in such positions. The

12

EEOC must be notified, in writing, as to the identity and qualifications of the trainer, all content of such training (including training manuals and handout materials), method of presentation, length of training course(s) and the names and job titles of attendees within one (1) month of such training.

28.   At Defendant's option, it may video-record the first training session conducted in accordance with Paragraph 27, above, and may then present the video for all successive trainings required by this Decree in lieu of presentation by a live speaker. However, if Defendant exercises this option, it shall assign a management official with reasonable knowledge of the subject matter of the training to be present, and monitor the video training, and to answer any questions from trainees.

29.   Defendant shall ensure that the investigation and corrective action training provided by the qualified third-party consultant as required in Paragraph 27, above, shall include at least the following matters:

(a)   legal   obligations   concerning   harassment   and   discrimination investigations;

(b)   investigative techniques, including identification of potential witnesses or others who may have been subjected to similar alleged treatment, interviewing techniques and other sources of evidence in harassment and discrimination investigations;

(c)   types of preventive and corrective actions and applicable legal obligations;

(d)   that information regarding past complaints, allegations or investigations of harassment or discrimination of a similar nature and involving the same individual alleged to have committed harassment or discrimination must be considered highly

13

relevant evidence in the pending inquiry;

(e)     that Defendant personnel are required to research whether such past complaints or investigations exist by reviewing complaint and disciplinary records and by contacting relevant Defendant and employment agency personnel to inquire about the existence and details of any relevant prior complaints or investigations;

(f)     that former regular employees or temporary workers no longer performing work for Defendant may be sources of highly relevant evidence and should be contacted when appropriate;

(g)     the significance of corroborative testimonial or documentary evidence in a harassment investigation, the need to investigate whether such evidence exists, but that corroborative evidence is not required to make a finding that allegations of harassment or discrimination are substantiated or well-founded;

(h)     techniques for witness credibility assessment, particularly but not exclusively for situations in which there is conflicting testimony and an absence of corroboration;

(I)     that Defendant's policies and procedures regarding harassment and discrimination prohibited by Title VII and related complaints are applicable to temporary workers as well as regular employees;

(j)     that when selecting persons to interview in the course of an investigation no distinction is to be drawn between a regular employee and a temporary worker and that temporary workers are to be interviewed when and to the same extent that a regular employee would be interviewed under similar circumstances;

(k)     techniques for coordination of investigations with employment agencies in

14

circumstances involving alleged harassment or discrimination against a temporary worker related to his/her assignment with Defendant;

(l)     Defendant's record-creation and retention policies regarding documents related to complaints and investigations;

(m)   the need to thoroughly document harassment and discrimination complaint investigations, including taking and retaining notes of interviews conducted and fully documenting questions and answers;

(n)   investigative confidentiality;

(o)   post-investigation procedures for monitoring the work environment, including but not limited to follow-up interviewing of employees; and

(p)   procedures for monitoring and auditing any post-complaint or investigation personnel actions regarding complainants and witnesses to ensure absence of retaliation.

## DISPUTE RESOLUTION AND COMPLIANCE REVIEW

30.    This Court shall retain jurisdiction to enforce the terms of this Decree and will have all available powers to enforce this Decree, including but not limited to monetary sanctions and injunctive relief.

31.    Upon motion of the Commission, this Court may schedule a hearing for the purpose of reviewing compliance with this Consent Decree. Prior to such motion, the Commission shall notify the Defendant, in writing, of the alleged non-compliance. Upon receipt of written notice, Defendant shall have fifteen (15) days either to correct the alleged non-compliance, and so inform the other party, or deny the alleged non-compliance, in writing;

(a)     If the parties cannot in good faith resolve their dispute, the Commission may file with the Court a motion to correct and remedy the breach;

(b)     Each party shall bear its own costs, expenses and attorney's fees incurred in connection with such action; and

(c)     Jurisdiction to resolve any dispute arising under this Decree resides in the United States District Court for the Western District of Pennsylvania.

32.     The Commission, its agents and employees shall in their discretion have the legal authority to enter Defendant's facilities, with reasonable prior notice to the Defendant and its counsel, and conduct an on-site inspection to ensure compliance with Title VII and any of the terms of this Decree.  Such inspections may, at the discretion of the Commission, include access to any and all documents for the purposes of inspection and duplication; interviews or depositions of any persons; inspection of any area within the facility; and any other investigatory technique or procedure permitted by Title VII or the Commission's regulations.  The Commission shall also have the legal authority to require appearance and testimony of Defendant's personnel (at reasonable times and locations) at interviews or depositions and the production of relevant documents to ensure compliance with Title VII and any of the terms of this Decree.  The Commission may at any time move the Court for a hearing for the purpose of compelling Defendant to cooperate in any aspect of this Paragraph.  Neither the Commission's authority under this Paragraph nor any other provisions of this Decree shall be construed to limit or impair in any manner any other Commission authority to conduct investigations of the Defendant that is provided by law, including, but not limited to, investigating charges of discrimination filed under Title VII of the Civil Rights Act of 1964

16

("Title VII"), the Equal Pay Act ("EPA"), the Age Discrimination in Employment Act ("ADEA"), Titles I or V of the Americans with Disabilities Act ("ADA"), the Genetic Information Nondiscrimination Act of 2008 ("GINA"), and any statute over which the Commission is given jurisdiction in the future, and conducting directed investigations authorized under the EPA, the ADEA, and any future statute which authorizes directed investigations.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

33.   All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) year period, any disputes under Paragraph 31, above, remain unresolved, the term of the Decree shall be automatically extended and the Court will retain jurisdiction of this matter to enforce the Decree by all available means, including but not limited to injunctive relief and monetary and other sanctions, until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

34.   Each party to this Decree shall bear its own expenses, attorney's fees and costs.

35.   The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors and assigns of Defendant. Defendant, and any successor(s) of Defendant, shall provide a copy of this Decree to any organization or person who proposes to acquire or merge with Defendant, or any successor of Defendant, prior to the effectiveness of any such acquisition or merger.

17

This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court regarding a violation of this Decree.

36.   If any provision(s) of the Decree are found to be unlawful, only such provision(s) shall be severed, and the remainder of the Decree shall remain in full force and effect.

37.   When this Decree requires a certification by PPM of any fact(s), such certification shall be made under oath or penalty of perjury by an officer or management employee of PPM

38.   When this Decree requires the submission by PPM of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: PPM Title VII Settlement, Equal Employment Opportunity Commission, c/o M. Jean Clickner, Senior Trial Attorney, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222.

18

**APPROVED BY:**

**FOR PITTSBURGH PLASTICS**
**MFG., INC.:**


_____
Valerie Sacks Faeth
COHEN & GRIGSBY, P.C.
Pa. I.D. No. 51790
625 Liberty Avenue
Pittsburgh, PA 15222-3152
Telephone: 412-297-4951
Fax: 412-209-0672
Email: vfaeth@cohenlaw.com

**FOR THE EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION:**

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel


_____
Debra M. Lawrence
Acting Regional Attorney


_____
Ronald L. Phillips
Acting Supervisory Trial Attorney


_____
M. Jean Clickner
Senior Trial Attorney
Pa. I.D. No. 42738
Equal Employment Opportunity
 Commission
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
Telephone: 412-395-5843
Fax: 412-395-5749
Email: jean.clickner@eeoc.gov

**IT IS SO ORDERED:**

DATE: *March 11, 2010*


_____
The Honorable Judge Amy Reynolds Hay
United States District Judge

19

## EXHIBIT A

## NOTICE TO ALL PITTSBURGH PLASTICS MFG., INC. EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC *v. Pittsburgh Plastics Mfg., Inc.*, Civil Action No. 09-1148 (W.D. PA), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Pittsburgh Plastics Mfg., Inc.

In its suit, the EEOC alleged that Pittsburgh Plastics Mfg., Inc. discriminated against female employees by subjecting them to a sexually hostile work environment.

To resolve the case, Pittsburgh Plastics Mfg., Inc. and the EEOC have entered into a Consent Decree which provides, among other things, that:

1)   Pittsburgh Plastics Mfg., Inc. is prohibited by federal court order and federal law from discriminating against employees the basis of sex and from subjecting employees to sexual harassment;

2)   Pittsburgh Plastics Mfg., Inc. is enjoined from retaliating against any person because (s)he opposed any practice made unlawful by Title VII, filed a Title VII charge of discrimination, participated in any Title VII proceeding, or asserted any rights under the Consent Decree; and

3)   Pittsburgh Plastics Mfg., Inc. will provide mandatory training to employees regarding sexual harassment, retaliation and Pittsburgh Plastics Mfg., Inc.'s policies regarding such discrimination.

The EEOC enforces the federal laws against discrimination in employment on the basis of race, color, religion, national origin, sex, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (215) 440-2600. The EEOC charges no fees and has a TTD number.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Pittsburgh Plastics Mfg., Inc. Title VII Settlement, Equal Employment Opportunity Commission, c/o M. Jean Clickner, Senior Trial Attorney, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222.**

02/12/2010
Date

*Angela M Zona Cass*
For: Pittsburgh Plastics Manufacturing, Inc.